IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 23 B 00680 |
| | ) | |
| LESLIE D. BUTLER, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**OBJECTION OF EXETER FINANCE LLC
TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

EXETER FINANCE LLC ("Exeter"), a creditor herein, by its attorneys, the law firm of Sorman & Frankel, Ltd., pursuant to Sections 1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) of the Bankruptcy Code, 11 U.S.C. §§1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) (West 2023), and such other Sections and Rules as may apply, for its Objection to Confirmation of Debtor's proposed Chapter 13 Plan, respectfully states as follows:

1. On January 18, 2023, Leslie D. Turner ("Debtor") filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code and proposed Chapter 13 Plan (the "Plan"), which is scheduled for a confirmation hearing on March 13, 2023.

2. Exeter is a creditor of the Debtor with respect to a certain indebtedness secured by a lien upon a 2017 Chevrolet Equinox motor vehicle bearing a Vehicle Identification Number of 2GNFLFEK7H6149790 (the "Vehicle"). (See Ex. "A"). Debtor purchased the Vehicle on April 23, 2019, *i.e.* more than 910 days prior to the commencement of these proceedings.

3. As set forth in the Retail Installment Contract attached as Exhibit "A", Debtor was required to tender equal monthly payments to Exeter, each in the sum of $412.24 with an interest rate of 28.00%. (See Ex. "A").

4. Debtor has not provided Exeter or its counsel with proof of a valid full coverage insurance policy for the Vehicle identifying Exeter as the lienholder/loss payee to protect Exeter's interest in the Vehicle from loss or destruction.

5. There remains a total outstanding balance due to Exeter from Debtor in the sum of $12,025.61.

6. Debtor's Plan identifies Exeter as a secured creditor in Section 3.2. Exeter objects to the treatment proposed in the Plan as follows:

    A. Debtor alleges a value of the Vehicle of only $9,350.00. As reflected in the NADA Official Used Car Guide Appraisal Report attached as Exhibit "B", the retail value of the Vehicle is no less than $15,450.00, **more** than the balance owed to Exeter;

    B. Debtor proposes to pay the foregoing at an interest rate of 5.25%. Debtor's Plan fails to provide payments to Exeter for the present value of its claim because the Plan does not provide for adequate interest payments. As mandated by the United States Supreme Court in <u>Till v. SCS Credit Corp.</u>, 541 U.S. 465 (2004), this Court must determine the appropriate rate of interest to be paid to Exeter in the Plan by providing Exeter with a "risk adjustment" sufficient to compensate it for the added risk of the debtor having commenced bankruptcy proceedings. The circumstances of Debtor's bankruptcy estate, wherein Debtor's financial condition has presumptively deteriorated since the purchase of the Vehicle and resulting in the commencement of these proceedings, clearly show that Debtor could not obtain financing at a rate lower than the interest rate provided in the Contract. As such, Exeter asserts that it is entitled to be paid on its claim at the Contract rate of interest, *i.e.*, 28.00%;

   C. Debtor provides for pre-confirmation adequate protection payments of only $41.00 and for set monthly payments of only $177.52. However, in order to comply with 11 U.S.C. § 1325(a)(5)(B)(iii), Debtor is required to propose a Plan that provides equal, fixed monthly payments to Exeter in a manner sufficient to satisfy its secured claim, *i.e.* $497.42 per month, as calculated by a secured claim of $12,025.61 with an interest rate of 28.00% amortized over 36 months. (See Ex. "C").

7. Based on the inaccurate information provided by Debtor therein, the Plan, as proposed, is not feasible.

8. For the reasons stated above, Debtor's Plan fails to comply with the applicable provisions of the Bankruptcy Code and must provide for and satisfy the objections specified herein to be feasible and provide Exeter adequate protection.

**WHEREFORE**, Exeter Finance LLC respectfully requests that this Court enter an Order denying Debtor's request for confirmation of the Plan; and, for such other, further, and different relief as this Court deems just and proper.

            Respectfully submitted,

            EXETER FINANCE LLC,
            Creditor,

            By: ___/s/ Cari A. Kauffman___
            One of its attorneys

David J. Frankel (Ill. #6237097)
Cari A. Kauffman (Ill. #6301778)
Sorman & Frankel, Ltd.
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 332-3535 / (312) 332-3545 (facsimile)